UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICARLO ALLEYNE

VERSUS

SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST
AND THE NATIONAL FLOOD
INSURANCE PROGRAM

CIVIL ACTION

NO: 13-5657

SECTION: "S" (3)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Selective Insurance Company of the Southeast's Motion to Exclude the Report, Opinions, and Testimony of Daniel Onofrey (Doc. #26) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion in limine filed by defendant, Selective Insurance Company of the Southeast, in its capacity as a Write-Your-Own ("WYO") insurance carrier participating in the Federal Emergency Management Agency's ("FEMA") National Flood Insurance Program ("NFIP"). Selective seeks to exclude the report, opinions and testimony of plaintiff's purported general construction expert, Daniel Onofrey.

Plaintiff, Ricarlo Alleyne, owns two homes in LaPlace, Louisiana. One is located on Lafitte Street, and the other is on Somerset Street. On August 29, 2012, both properties sustained flood damage as a result of Hurricane Isaac. At the time of the loss, the Lafitte Street property was covered by a flood insurance policy issued by Selective that provided building coverage of $250,000 and contents covered in the amount of $100,000, both subject to a deductible. The Somerset Street property was not insured by Selective.

After the storm, Craig Mitchell, an independent adjustor from Madyson & Associates, inspected plaintiff's property on Selective's behalf and issued an estimate of the flood damage. In

his final report, Mitchell stated that the replacement cost value of the building loss was $55,327.73, and the actual cash value, after depreciation, of the lost contents was $20,220.64.

Alleyne hired Onofrey, a general contractor, to inspect his property. On October 12, 2012, Onofrey, who is not a public adjustor and is not a certified adjustor under the NFIP, inspected the Lafitte Street property. He estimated the replacement cost value of the building damages to be $229,454.48. On October 17, 2012, Alleyne submitted a "Building Replacement Cost Proof of Loss" to Selective stating that the amount of the building damage was $229,454.48. On November 12, 2012, Selective wrote to Alleyne informing him that it received the proof of loss, but that a reduction of $159,048.79 was applied because the proof of loss did "not include any documentation to substantiate the loss ($229,454.48) being claimed." Selective paid Alleyne the difference.

On August 28, 2013, Alleyne filed this suit against Selective claiming additional damages under the flood insurance policy covering the Lafitte Street property. Alleyne seeks to offer Onofrey's opinion, report and testimony at the bench trial of this matter to establish his building loss damages. Selective filed the instant motion in limine seeking to exclude Onofrey's opinion, report and testimony arguing that they are irrelevant because Onofrey addresses the replacement cost value of Alleyne's building loss, where the building loss should be adjusted on an actual cash value basis. Selective argues that actual cash value applies because Somerset Street property, not the Lafitte Street property, was Alleyne's principal residence at the time of the loss.[1] Selective also asserts that

---

[1] The Standard Flood Insurance Policy provides that the replacement cost loss settlement applies to a single-family dwelling if:

> (1) It is your principal residence, which means that, at the time of the loss,
> you and your spouse lived there for 80% of:

Onofrey has not inspected the property since October 2012, and has not accounted for Alleyne's repairs, which Selective claims were completed with the money it has already tendered to Alleyne. Further, Selective argues that Onofrey's report includes items that may not be covered under the flood insurance policy.

Alleyne argues that Onofrey's report, opinions and testimony should not be excluded on the basis that the actual cash value adjustment applies or that repairs have been completed because both of these issues are in dispute. Alleyne claims that he was "in between homes" at the time of the storm, and he disputes whether the evidence is sufficient to find that his primary residence was the Somerset Street property, not the Lafitte Street property, at the time of the loss. He also disputes whether repairs have been completed, asserting that the repairs are temporary. Alleyne argues that Selective's seeking to exclude Onofrey on a motion in limine is really a motion for summary judgment seeking findings regarding the state of repairs and the application of actual cash value versus replacement cost value.

---

(a) The 365 days immediately preceding the loss, or

(b) The period of your ownership, if you owned the dwelling for less than 365 days; and

(2) At the time of the loss, the amount of insurance in this policy that applies to the dwelling is 80% or more of its full replacement cost immediately before the loss, or is the maximum amount of insurance available under the NFIP.

44 C.F.R. Pt. 61, App. A(1), Art. VII(V)(1)(a).

**ANALYSIS**

A district court has discretion to admit or exclude expert testimony under the Federal Rules of Evidence. Gen. Elec. Co. v. Joiner, 118 S.Ct. 512, 515 (1997).  Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert, 113 S.Ct. at 2795, the Supreme Court of the United States held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."  To perform its gatekeeping function, the court must first determine whether the proffered expert testimony is reliable.  The party offering the testimony bares the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998).  The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 113 S.Ct. at 2796.  The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. See id. at 2795.  Next, the court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact to understand the evidence, i.e. whether it is relevant. See id. at 2795-96.

Rule 702 also requires that an expert be properly qualified.  Generally, if there is some reasonable indication of qualifications, the court may admit the expert's testimony, and then the expert's qualifications become an issue for the trier of fact. Rushing v. Kansas City S. Ry. Co., 185

4

F.3d 496 (5th Cir. 1999). A witness qualified as an expert is not strictly confined to his area or practice, but may testify regarding related applications, rather "a lack of specialization does not affect the admissibility of the opinion, but only its weight." Wright v. John Deere Co., 935 F.2d 1090, 1100 (10th Cir. 1991).

Selective argues that Onofrey's report, testimony and opinion should be excluded because he estimates the replacement cost value of the loss, where the actual cash value adjustment applies, does not account for the cost of actual repairs that were completed, and includes items that may not be covered by the flood insurance policy. Although Selective points out that Onofrey is not an insurance adjustor, it does not argue that he is not qualified to testify as a general contractor.

Onofrey's estimate is reliable and relevant. He is a licensed contractor and experienced in insurance loss adjustment. His report clearly states his opinions as to the amount of losses the property incurred, and will assist the trier of fact in determining those amounts. Further, there has been no determination as to whether the replacement cost value or the actual cash value adjustment applies, nor as to the extent and state of the repairs. Thus, these do not form a basis on which to exclude Onofrey's testimony, opinion and report. Selective's concerns about Onofrey's report and opinions can be addressed on cross-examination and the presentation of countervailing expert testimony. Therefore, Selective's motion in limine to exclude Onofrey is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Selective Insurance Company of the Southeast's Motion to Exclude the Report, Opinions, and Testimony of Daniel Onofrey (Doc. #26) is **DENIED**.

New Orleans, Louisiana, this __4th__ day of January, 2015.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**