UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICARLO ALLEYNE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5657** |
| **SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, ET AL.** | **SECTION "S" (3)** |

**ORDER**

On February 25, 2014, Selective Insurance Company of the Southeast's Leave of Court to Amend Its Answer to Add Counterclaims [Doc. #25] came on for oral hearing before the undersigned. Present were Michael Brandner on behalf of plaintiff and Joseph Devall on behalf of defendants. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, and the case law, the Court rules as follows.

**I.      Background**

Plaintiff Ricarlo Alleyne owns two homes in LaPlace, Louisiana. One is located on Lafitte Street, and the other is on Somerset Street. On August 29, 2012, both properties sustained flood damage as a result of Hurricane Isaac. At the time of the loss, the Lafitte Street property was covered by a flood insurance policy issued by defendant Selective Insurance Company of the Southeast ("Selective") that provided building coverage of $250,000 and contents covered in the amount of $100,000, both subject to a deductible. The Somerset Street property was not insured by Selective.

After the storm, Craig Mitchell, an independent adjuster from Madyson & Associates, inspected plaintiff's property on Selective's behalf and issued an estimate of the flood damage. In his final report, Mitchell stated that the replacement cost value of the building loss was $55,327.73, and the actual cash value, after depreciation, of the lost contents was $20,220.64.

Alleyne hired Daniel Onofrey, a general contractor, to inspect his property. On October 12, 2012, Onofrey, who is not a public adjustor and is not a certified adjuster under the National Flood Insurance Program, inspected the Lafitte Street property. He estimated the replacement cost value of the building damages to be $229,454.48. On October 17, 2012, Alleyne submitted a "Building Replacement Cost Proof of Loss" to Selective stating that the amount of the building damage was $229,454.48. On November 12, 2012, Selective wrote to Alleyne informing him that it received the proof of loss, but that a reduction of $159,048.79 was applied because the proof of loss did "not include any documentation to substantiate the loss ($229,454.48) being claimed." Selective paid Alleyne the difference.

On August 28, 2013, Alleyne filed this suit against Selective claiming additional damages under the flood insurance policy covering the Lafitte Street property.

## II.     The Parties' Contentions

### A.     The Motion to Amend

Defendant contends that when the insurance adjuster adjusted Alleyne's claims, Alleyne failed to inform him that the Lafitte property is not his principal residence, nor did he inform him that he owned the Somerset property. During his deposition on January 12, 2015, Alleyne admitted that the Lafitte property is not his principal residence. He admitted that he had lived at the property for less than 80 per cent of the preceding 365 days. Because defendant believed that the Lafitte

property was Alleyne's principal residence, it paid Alleyne at a higher replacement cost value as opposed to an actual cash value. Defendant thus maintains that Alleyne has received federal benefits to which he is not entitled.

Citing Rule 15, defendant argues that leave to amend should be freely granted. Defendant contends that there is no undue delay because it only recently learned the new information, nor is there any bad faith. Defendant thus seeks to add counterclaims to recover the funds to which Alleyne is not entitled. It maintains that there is no prejudice to Alleyne, as he is presumed to know his policy. And it maintains that allowing the counterclaims are in the interest of the United States Treasury, since that entity pays out all claims under the National Flood Insurance Program.

### B. Alleyne's Opposition

Alleyne notes that he informed defendant that he owned the Somerset property in his discovery responses dated September 3, 2014. He argues that defendant then waited over four months to depose him and now seeks to amend its answer 148 days after the deadline to amend and six days before the discovery cut-off. (Defendant filed the motion on January 20, 2015.)

Alleyne maintains that he only has six days to prepare a defense to the allegations in the counterclaims. He argues that the assertion that he did not inform the adjuster that the Lafitte property is not his principal place of residence is unsupported, and he now has no time to depose the individuals with such knowledge. He asks the Court not to award defendant for its procrastination.

### C. Defendant's Reply

Defendant argues that Alleyne alleged in both complaints that both homes were his principal place of residence. This, it maintains, he can not do. It contends that Alleyne has not been forthright with it or the Court, and he had a duty to come forward to correct any ambiguity.

Defendant also notes that Alleyne appears to raise a waiver and/or estoppel argument. But a waiver or estoppel can not occur under the Standard Flood Insurance Policy. *See* 44 C.F.R. § 61.13.

## III.   Law and Analysis

Defendant must satisfy the Rule 16 "good cause" test because the amendment deadline in the scheduling order passed before it filed the instant motion. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536).

For the following reasons, the Court denies the motion. While neither party addressed Rule 16, it is possible to consider all four factors from the pleadings. While the explanation for the failure to timely move rests on Alleyne's deposition – which only occurred on January 12, 2015 – there is no excuse as to why defendant waited so long to take the deposition of Alleyne. Defendant knew that Alleyne owned the Somerset property as early as September 3, 2014, and it is unreasonable to

have waited so long to depose the main – and only – plaintiff in this lawsuit.  And while the amendment may be important because it could recover funds owed the United States, there is no doubt that the prejudice to Alleyne is great.  Discovery is over, and the pre-trial conference is one month from now.  Alleyne thus has no opportunity to conduct ample discovery to prepare any defense to a counterclaim.  Neither is there an indication that a continuance would cure the prejudice.  The District Court has already ruled on motions in limine, and it appears that the trial is going forward.  No party has even filed a motion to continue.

While the Court is sympathetic to the recovery of funds for the United States, the Court finds that there are too many variables that would upset the Scheduling Order were it to grant the motion. Potential defenses, the need for discovery, and the potential request for a jury trial would jeopardize the deadlines in the District Court's Scheduling Order.

### IV.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Selective Insurance Company of the Southeast's Leave of Court to Amend Its Answer to Add Counterclaims [Doc. #25] is DENIED.

New Orleans, Louisiana, this 27th day of February, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**